United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PERRI EDEL,

Plaintiff,

v.

SCHERING-PLOUGH GROUP BENEFITS PLAN, et al.,

Defendants.

NO. C11-2778 TEH

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

This matter comes before the Court on Plaintiff Perri Edel's motion to dismiss the counterclaim filed by Defendant Schering-Plough Group Benefits Plan ("the Plan") and Life Insurance Company of North America ("LINA") (collectively, "Counterclaimants"). Upon careful consideration of the parties' written submissions, the Court finds oral argument to be unnecessary and now VACATES the hearing scheduled for November 28, 2011, at 10:00 AM. As discussed below, the motion is GRANTED as to the Plan and DENIED as to LINA.

In her complaint, Edel alleges that she was formerly employed by Defendant Schering-Plough Corporation, which has since merged with Defendant Merck & Co., Inc. She contends that she received disability benefits under the Plan from November 11, 2005, through November 10, 2008, at which time Defendants improperly terminated her benefits. The complaint alleges that LINA "insures disability benefits under the Plan and also acts as the decision-maker for disability benefit claims." Compl. ¶ 5.

Counterclaimants allege that, under the policy at issue, disability benefits are to be reduced "by the amount that an employee or any of their dependents receive as Other Income Benefits, including Social Security disability benefits." Countercl. ¶ 12. They contend that

Edel was approved for Social Security disability benefits in May 2008, and that such benefits were paid retroactive to October 2005. LINA and Edel allegedly entered into a written agreement in March 2006 in which LINA agreed not to reduce disability benefit payments to reflect Edel's potential future Social Security benefits, and Edel agreed to "reimburse the full amount of any overpayment within 30 days after receiving the award for Social Security disability benefits." *Id.* ¶ 9 (internal quotation marks omitted). Counterclaimants contend that Edel is obligated to reimburse them over $59,000 under that agreement, as well as under the terms of the policy and Plan.

In their opposition to Edel's motion to dismiss, Counterclaimants cited several cases – including two from this district – in which similar counterclaims were held to be valid. *See, e.g., Cusson v. Liberty Life Assurance Co.*, 592 F.3d 215, 230-32 (1st Cir. 2010); *Dillard's Inc. v. Liberty Life Assurance Co.*, 456 F.3d 894, 900-01 (8th Cir. 2006); *Mayhew v. Hartford Life & Accident Ins. Co.*, Case No. C11-2908 SC, 2011 U.S. Dist. LEXIS 122286, at *5-21 (N.D. Cal. Oct. 21, 2011); *Mertens v. Permanente Med. Grp. Long Term Disability Plan*, Case No. C10-1457 RS, 2010 U.S. Dist. LEXIS 131085, at *9-15 (N.D. Cal. Dec. 10, 2010); *DeBenedictis v. Hartford Life & Accident Ins. Co.*, 701 F. Supp. 2d 1113, 1133-35 (D. Ariz. 2010). Edel failed to acknowledge, let alone rebut, any of these cases in her reply. The Court finds the reasoning in such cases to be persuasive and therefore concludes that Counterclaimants have stated a valid claim for relief.

However, as in *Mertens*, Counterclaimants here have cited "no controlling authority for the proposition that an ERISA-governed plan can be its own fiduciary or that, as a plan (and not a participant, beneficiary or fiduciary), it should have the right to bring a claim under ERISA § 502(a)." 2010 U.S. Dist. LEXIS 131085, at *8; *but see Mullins v. Prudential Ins. Co.*, Case No. 3:09-CV-371-S, 2010 U.S. Dist. LEXIS 113530, at *23-28 (W.D. Ky. Oct. 22, 2010) (deciding, under Sixth Circuit authority, that a plan may have standing to bring an ERISA claim as a fiduciary). In the absence of such authority, the Court agrees with the *Mertens* court that the Plan itself cannot bring the asserted counterclaim. Accordingly, the motion to dismiss is GRANTED as to the Plan.

As to LINA, Edel has herself alleged that the company administers disability benefits under the Plan and "acts as the decision-maker for disability benefit claims." Compl. ¶ 5; *see also* Answer to Countercl. ¶ 3 (admitting that LINA "served as claims administrator for the Plan"). "When an insurance company administers claims for an employee welfare benefit plan and has authority to grant or deny the claims, the company is an ERISA 'fiduciary' under 29 U.S.C. § 1002(21)(A)(iii)." *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1033 (9th Cir. 2000) (citation omitted). A fiduciary under this section has standing to bring a civil action under 29 U.S.C. § 1132(a)(3), and the motion to dismiss is therefore DENIED as to LINA.

IT IS FURTHER ORDERED that the case management conference scheduled for November 28, 2011, at 10:00 AM is CONTINUED to **January 30, 2012, at 1:30 PM.** The parties shall meet and confer and file a joint case management conference statement on or before **January 23, 2012.**

**IT IS SO ORDERED.**

Dated: 11/22/11

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT